IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)


MICHAEL W. KATZMAN                                          PLAINTIFF
9802 Wildwood Court
Louisville, Kentucky 40223



                                        Case No.  3:17-cv-625-TBR

                                        Senior
                                          Judge    Thomas B. Russell


v.



CREDIT ONE BANK, N.A.                                       DEFENDANTS
585 Pilot Road
Las Vegas, Nevada 89119

            SERVE:      Sam Dommer, Chief Marketing Officer
                        585 Pilot Road
                        Las Vegas, Nevada 89119
                        (BY KENTUCKY SECRETARY OF STATE)



AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

            SERVE:      CSC-Lawyers Incorporating Service Co.
                        421 W. Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:    The Prentice Hall Corporation System
                 421 W. Main Street
                 Frankfort, Kentucky 40601
                 (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:    CT Corporation System
                 306 W. Main Street, Suite 512
                 Frankfort, Kentucky 40601
                 (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Michael W. Katzman, by counsel, and for his Verified Complaint against the Defendants, Credit One Bank, N.A. ("Credit One"), Equifax Information Solutions, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc., ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation, negligent misrepresentation, and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Credit One's false reporting to Equifax, Trans Union and Experian of an alleged delinquent debt of the Plaintiff on Plaintiff's Equifax, Trans Union and Experian credit reports, and the Defendants' failure to investigate Plaintiff's disputes regarding the Credit One tradeline on Plaintiff's credit

reports.

## II.   PARTIES

2.      Plaintiff, Michael W. Katzman, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 9802 Wildwood Court, Louisville, Kentucky 40223.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Credit One, is a national banking association with its principal place of business located at 585 Pilot Road, Las Vegas, Nevada 89119 and doing business in the Commonwealth of Kentucky.

5.      Credit One is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.      Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.      Trans Union is a "consumer reporting agency that compiles and maintains files on

3

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

15.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV.  FACTUAL BACKGROUND

16.     In or around July 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Equifax, Trans Union and Experian credit reports and discovered that Credit One was reporting a delinquent credit account allegedly belonging to Plaintiff.

17.     Plaintiff has never had a credit account or any other account with Credit One.

18.     Immediately upon discovering the derogatory entry, Plaintiff filed disputes with Equifax, Experian and Trans Union concerning the false and derogatory entry furnished by Credit

One. Upon information and belief, Equifax, Experian and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Credit One of the disputes at or within five (5) days of the credit bureaus' receiving notice of the disputes from Plaintiff.

19.      In or around August 2017, Credit One, Equifax, Experian and Trans Union verified Credit One's false and derogatory tradeline on Plaintiff's credit reports.

20.      Despite Plaintiff's lawful requests for removal of the disputed items pursuant to the FCRA, the Defendants failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports.

21.      The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Credit One's false and derogatory credit reporting concerning Plaintiff. In addition, Plaintiff has suffered embarrassment, humiliation, and emotional distress as a result of Defendant's violations of the FCRA.

## V.  CLAIMS

### Negligence – Credit One

22.      Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.      Credit One's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the alleged credit account was negligent under applicable law. In failing to investigate Plaintiff's disputes and in falsely reporting the alleged credit account, Credit One breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

24.      Credit One's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union, and Experian regarding the alleged credit account has caused and continues

to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

25.     Credit One's failure to investigate Plaintiff's disputes and it's false reporting to Equifax, Trans Union, and Experian regarding the alleged credit account were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence - Equifax

26.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Equifax's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Equifax credit report, despite Plaintiff's lawful request to Equifax to investigate the dispute and his notice to Equifax of the falsity of the information, was negligent.

28.     In failing to investigate Plaintiff's dispute and in failing to remove the false and derogatory information, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

29.     Equifax's negligent failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating and other compensatory and consequential damages.

30.     Equifax's failure to investigate Plaintiff's dispute and its failure to remove the false and derogatory information from Plaintiff's credit report, despite Plaintiff's lawful request to

investigate and her notice to Equifax of the falsity of the information, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

31. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Trans Union credit report, despite Plaintiff's lawful request to Trans Union to investigate the dispute and his notice to Trans Union of the falsity of the information, was negligent.

33. In failing to investigate Plaintiff's dispute and in failing to remove the false and derogatory information, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

34. Trans Union's negligent failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

35. Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the false and derogatory information from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and her notice to Trans Union of the falsity of the information, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

36. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1

through 35 as if fully set forth herein.

37.     Experian's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Experian credit report, despite Plaintiff's lawful request to Experian to investigate the dispute and his notice to Experian of the falsity of the information, was negligent.

38.     In failing to investigate Plaintiff's dispute and in failing to remove the false and derogatory information, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

39.     Experian's negligent failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

40.     Experian's failure to investigate Plaintiff's dispute and its failure to remove the false and derogatory information from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and her notice to Experian of the falsity of the information, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – Credit One

41.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42.     Credit One, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and

Experian and other currently unknown entities and/or individuals who have accessed Plaintiff's credit reports, that Plaintiff has a past due credit account with Credit One. Credit One's statements were false and were made with conscious disregard for the rights of the Plaintiff.

43.    Credit One's publication of false statements regarding Plaintiff amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

44.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45.    Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due credit account with Credit One. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

46.    Equifax's publication of false statements regarding Plaintiff amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Trans Union

47.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.    Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past

due credit account with Credit One. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

49.     Trans Union's publication of false statements regarding Plaintiff amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

50.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due credit account with Credit One. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

52.     Experian's publication of false statements regarding Plaintiff amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Breach of Contract

53.     Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

10

54.    In promising Plaintiffs that Credit One would delete the late payment notations from Plaintiffs' credit reports, Credit One entered into an enforceable contract with Plaintiffs.

55.    Credit One's failure to delete the late payment notations despite its promise to Plaintiffs to do so amounts to a breach of the contract between the parties.

56.    Credit One's breach of contract entitles Plaintiffs to compensatory and consequential damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Credit One

57.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.    Credit One's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due Credit One account are violations of Credit One's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

59.    Credit One's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Credit One is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

60.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61.    Equifax's failure to investigate Plaintiff's dispute and its failure to remove the disputed false and derogatory information from Plaintiff's credit report despite Plaintiff's request for investigation and Equifax's knowledge of the falsity of the disputed information are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C.

§1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

62.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed false and derogatory information from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

64.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65.     Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the disputed false and derogatory information from Plaintiff's credit report despite Plaintiff's request for investigation and Trans Union's knowledge of the falsity of the disputed information are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

66.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed false and derogatory information from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

68.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.     Experian's failure to investigate Plaintiff's dispute and its failure to remove the disputed false and derogatory information from Plaintiff's credit report despite Plaintiff's request for investigation and Experian's knowledge of the falsity of the disputed information are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

70.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed false and derogatory information from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

71.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Credit One**

72.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73.     Credit One's failure to investigate Plaintiff's disputes and its continuing false

reporting to Equifax, Trans Union and Experian of Plaintiff's alleged past due Credit One account, despite Credit One's knowledge of the falsity of its reporting, are willful violations of Credit One's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

74.     Given Credit One's knowledge of the falsity of its reporting, Credit One's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Credit One is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

75.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.     Equifax's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Equifax credit report despite Equifax's receipt of Plaintiff's dispute and its knowledge of the falsity of the subject information are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

77.     Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed information within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

78.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA

as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

79.  Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80.  Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Trans Union credit report despite Trans Union's receipt of Plaintiff's dispute and its knowledge of the falsity of the subject information are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

81.  Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed information within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

82.  Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

83.  Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 82 as if fully set forth herein.

84.  Experian's failure to investigate Plaintiff's dispute and its failure to remove the

subject false and derogatory information from Plaintiff's Experian credit report despite Experian's receipt of Plaintiff's dispute and its knowledge of the falsity of the subject information are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

85.     Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed information within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

86.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Michael W. Katzman, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth Street
Louisville, KY 40202
Phone, (502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Michael W. Katzman, hereby state that I have read the foregoing Verified Complaint and

the statements contained therein are true and accurate to the best of my knowledge, information

and belief.

_____

Michael W. Katzman


COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Michael W. Katzman this 10 day

of _Oct_____, 2017.

_____

Notary Public

Notary Public, State at Large, KY
Commission expires: _My commission expires Apr. 6, 2021_

18